UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALECSHA MOORE,

    Petitioner,                          Civil No. 2:14-CV-10923
                                           HONORABLE DENISE PAGE HOOD
v.                                    UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

    Shalecsha Moore, ("Petitioner"), presently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she challenges her conviction for two counts of felonious assault, M.C.L.A. 750.82; one count of discharge of a firearm at an occupied structure, M.C.L.A. 750.234b; one count of possession of a loaded firearm in a motor vehicle, M.C.L.A. 750.227c; and one count of felony-firearm, M.C.L.A. 750.227b. Petitioner has also filed a motion to hold the petition in abeyance to permit her to file a post-conviction motion in the state courts to raise additional claims that have not been exhausted with the state courts. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust her additional claims.

The Court will also administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a bench trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Moore*, No. 306264 (Mich.Ct.App. December 13, 2012); *lv. den.* 494 Mich. 882, 833 N.W.2d 913 (2013).

Petitioner has now filed a petition for writ of habeas corpus, in which she seeks habeas relief on the claim that she raised in the Michigan courts.

Petitioner has also filed a motion to hold the habeas petition in abeyance so that she can return to the Wayne County Circuit Court to present new claims in a post-conviction motion for relief from judgment.

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State*

*Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(A habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83).

  The Court will grant petitioner's motion to hold the petition in abeyance while she returns to the state courts to exhaust additional claims. In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing

*Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by petitioner in exhausting her state court remedies, this Court will impose upon petitioner time limits within which she must proceed with her state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present her claims in state court within ninety days from the date of this Order. *See id.* Further, she must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Id.,* at 781 (internal quotation omitted).

Petitioner's method of properly exhausting her claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel

for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner, in fact, is required to appeal the denial of her post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claim or claims that she would raise in this post-conviction motion, for the purpose of seeking habeas review. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance.  Petitioner must file a motion for relief from judgment in state court within ninety days of receipt of this order.  She shall notify this Court in writing that such motion papers have been filed in state court.  If she fails to file a motion or notify the Court that she has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only the claim that was raised in the original petition.  After petitioner fully exhausts her new claim or claims, she shall file an amended petition that includes the new claim or

claims within ninety days after the conclusion of her state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claim raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

                                      s/ Denise Page Hood
                                      **HON. DENISE PAGE HOOD**
**Dated: April 29, 2014**          **UNITED STATES DISTRICT COURT**