UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALECSHA MOORE,

    Petitioner,                      Civil No. 2:14-CV-10923
                                      HONORABLE DENISE PAGE HOOD
v.                                 UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR AN ENLARGEMENT OF TIME TO FILE HER POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT

      Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she sought relief from her convictions for two counts of felonious assault, one count of discharge of a firearm at an occupied structure, one count of possession of a loaded firearm in a motor vehicle, and one count of felony-firearm. On April 29, 2014, this Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. *Moore v. Warren*, No. 2014 WL 1683446 (E.D. Mich. April 29, 2014). The Court conditioned this tolling upon petitioner initiating her state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing the exhaustion of her state court post-conviction remedies.

1

Petitioner has now filed a motion for an enlargement of time to file her post-conviction motion for relief from judgment with the state courts. For the reasons that follow, the Court will grant the motion and give petitioner a ninety day extension of time for petitioner to file her post-conviction motion for relief from judgment with the state court.

In her motion for an enlargement of time, petitioner claims that she is unable to file her post-conviction motion for relief from judgment within ninety days of the Court's original order because she has been unable to receive some of the documents from the state courts or the prosecutor's office that she claims that she needs to file her post-conviction motion. Petitioner claims that she is not knowledgeable in the law and needs extra time to complete her motion. Petitioner claims that she has had difficulty obtaining sufficient time in the prison law library to research and prepare her post-conviction motion.

The Court will grant petitioner a ninety day extension of time to file her motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). In the present case, petitioner has done all that she could reasonably do to file her state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing her motion with the state courts on time. Accordingly, an extension of time should be

granted to petitioner. *See Schillereff v. Quarterman*, 304 Fed.Appx. 310, 314 (5th Cir. 2008).

## ORDER

Accordingly, **IT IS ORDERED** that the motion for an enlargement of time [Dkt. # 8] is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **ninety (90) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will lift the stay and adjudicate the merits of the claim raised in petitioner's original habeas petition.

If petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim. The petitioner shall re-file her habeas petition with the federal court within 90 days after the conclusion of the state court post-conviction proceedings.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 3, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager