UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALECSHA MOORE,

    Petitioner,                 Civil No. 2:14-CV-10923
                                         HONORABLE DENISE PAGE HOOD
v.                                         UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A THIRD EXTENSION OF TIME TO FILE HER POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she sought relief from her convictions for two counts of felonious assault, one count of discharge of a firearm at an occupied structure, one count of possession of a loaded firearm in a motor vehicle, and one count of felony-firearm. On April 29, 2014, this Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. *Moore v. Warren*, No. 2014 WL 1683446 (E.D. Mich. April 29, 2014). The Court conditioned this tolling upon petitioner initiating her state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing the exhaustion of her state court post-conviction remedies.

On June 3, 2014, petitioner was granted an enlargement of time to file her post-conviction motion with the state courts.

On August 8, 2014, petitioner was granted a second extension of time to file her post-conviction motion with the state courts.

Petitioner has now filed a motion for a third extension of time to file her post-conviction motion for relief from judgment with the state courts.  For the reasons that follow, the Court will grant the motion and give petitioner a third extension of time for petitioner to file her post-conviction motion for relief from judgment with the state court.

In her motion, petitioner claims that she sought and was denied discovery from the Wayne County Prosecutor's Office.  Petitioner filed a motion to compel discovery, which was denied by the trial court.  Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which was denied on April 30, 2014, on the ground that the order appealed from was not a final appealable order.  On June 27, 2014, the Michigan Court of Appeals filed petitioner's appeal and gave the Wayne County Prosecutor's Office 28 days to file a response.  On September 18, 2014, the Michigan Court of Appeals denied leave to appeal for a second time.  Petitioner is seeking reconsideration of the denial and indicates that she will file an application for leave to appeal with the Michigan Supreme Court if she is denied relief in the Michigan Court of Appeals.

Petitioner requests this Court to grant her an extension of time until March

2

31, 2015 to file her motion for relief from judgment or upon the receiving a response from the Michigan Supreme Court with respect to her appeal regarding the motion to compel discovery.

The Court will grant petitioner a third extension of time to file her motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). In the present case, petitioner has done all that she could reasonably do to file her state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing her motion with the state courts on time. Accordingly, an extension of time should be granted to petitioner. *See Schillereff v. Quarterman*, 304 Fed.Appx. 310, 314 (5th Cir. 2008).

The Court will therefore grant petitioner an extension of time under the following conditions. Petitioner shall file her motion for relief from judgment with the trial court within sixty days of the Michigan Supreme Court's order affirming the trial court's denial of the motion to compel discovery or within sixty days of the receipt of the discovery, if the Michigan Supreme Court orders that discovery be provided in this case.

### ORDER

Accordingly, **IT IS ORDERED** that the motion for an enlargement of time

3

[Dkt. # 12] is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of the Michigan Supreme Court's affirmance of the trial court's denial of the motion to compel discovery or within sixty days of receipt of the discovery if the Michigan Supreme Court orders discovery.** If petitioner fails to file a motion for relief from judgment with the state courts in accordance with the terms of this order, the Court will lift the stay and adjudicate the merits of the claim raised in petitioner's original habeas petition.

If petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim. The petitioner shall re-file her habeas petition with the federal court within 90 days after the conclusion of the state court post-conviction proceedings.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager